UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

NO. 08-81531-CIV-MARRA/JOHNSON

JULYANNA ZAMORA, a minor, by
and through her mother and natural
guardian, CAROLINA LEON, and
CAROLINA LEON, individually,

    Plaintiff,

v.

UNITED STATES OF AMERICA,

    Defendant.
_____/

## ORDER AND OPINION

THIS CAUSE came before the Court on Plaintiffs' Julyanna Zamora, ("Zamora") and Carolina Leon ("Leon"), (collectively, "Plaintiffs") Motion for Partial Summary Judgment (DE 11), filed December 4, 2009.  Defendant United States of America ("Defendant" or "United States") filed a Response (DE 26) on January 12, 2010 and Plaintiffs filed a Reply (DE 34) on January 25, 2010.  The motion is fully briefed and ripe for review.  The Court has reviewed the motion, response, reply, the entire file in this case, and is otherwise duly advised in the premises.

**Background**

Plaintiff Zamora, a minor born February 18, 2002, brought a negligence claim against the United States for damages from a January 26, 2006 motor vehicle accident in which a United States Postal Service truck struck Zamora while she was riding her bicycle on the street in front of her home.  Plaintiff Leon, the mother of Zamora, filed a derivative claim for damages based

1

upon the same allegations of negligence against the United States.

**Standard of Review**

Summary judgment "shall be rendered if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c). The moving party bears the initial responsibility of showing the Court, by reference to the record, that there are no genuine issues of material fact that should be decided at trial. Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). When the non-moving party bears the burden of proof on an issue, the moving party may discharge its burden by showing that the materials on file demonstrate that the party bearing the burden of proof at trial will not be able to meet its burden. Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991).

When a moving party has discharged its burden, the nonmoving party must "go beyond the pleadings," and, by its own affidavits or by "depositions, answers to interrogatories, and admissions on file," designate specific facts showing there is a genuine issue for trial. Celotex, 477 U.S. at 324. The nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." Matsushita Electronic Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586 (1986). When deciding whether summary judgment is appropriate, the Court must view the evidence and all reasonable factual inferences therefrom in the light most favorable to the party opposing the motion. Witter v. Delta Air Lines, Inc., 138 F.3d 1366, 1369 (citations and quotations omitted).

**Discussion**

In Federal Tort Claims Act cases such as this, the court is to determine liability by applying the appropriate law of the forum state. 28 U.S.C.A. §§ 1346(b), 2674. See Massey v. United States, 733 F.2d 760 (11th Cir. 1984). Accordingly, this court now turns to applicable Florida law.

Under Florida law, the elements of a negligence claim are as follows: "(1) the duty requiring the defendant to adhere to a standard of conduct, (2) a breach of that duty, (3) a 'reasonably close causal connection' between the breach of the duty and the ensuing injury, and (4) demonstration of actual harm to the claimant." Michaud v. Seidler, 2008 WL 4927015, *3 (S.D. Fla. 2008) (citing Williams v. Davis, 974 So.2d 1052, 1056 (Fla. 2007)).

Negligence is generally a question for the trier of fact. See Keating v. Jones Development of Mo., Inc., 398 F.2d 1011, 1015 (5th Cir. 1968)[1] ("Negligence is a seldom enclave for trial judge finality. Negligence is a composite of the experiences of the average man and is thus usually confined to jury evaluation."). Plaintiff's motion for partial summary judgment requests that the Court find Defendant liable as a matter of law for hitting Zamora, based upon Postal driver Randy Prescott's deposition testimony that he hit Zamora with the postal truck and that he did not see Zamora before he hit her. However, not all drivers who have accidents involving children are liable for their injuries. See, e.g., Rosenfeld v. Seltzer, 993 So.2d 557 (Fla. 4th DCA 2008). Viewing the evidence and all reasonable factual inferences therefrom in the light most favorable to Defendant, the Court is reluctant to hold as a matter of law that Prescott failed to

---

[1] In Bonner v. City of Pritchard, 661 F.2d 1206, 1207 & 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent the decisions of the Fifth Circuit rendered prior to October 1, 1981.

exercise reasonable care in the operation of his vehicle.  Accordingly, partial judgment on liability is unwarranted. See Tippens v. Celotex Corp., 805 F.2d 949, 952-53 (11th Cir. 1986) ("If one or more of the essential elements is in doubt, then summary judgment must not be granted.").

The Court will rule on any legal issues related to Defendant's affirmative defenses 8, 9, and 10, if necessary, when ruling on the issues which must be resolved by a trier of fact following the bench trial.

**Conclusion**

Accordingly, it is hereby **ORDERED AND ADJUDGED** that Plaintiffs' Motion for Partial Summary Judgment (DE 11) is **DENIED.**

**DONE AND ORDERED** in Chambers at West Palm Beach, Palm Beach County, Florida, this 28th day of January, 2010.

_____
KENNETH A. MARRA
United States District Court

Copies furnished to:
all counsel of record